## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| **ROBERT A. SMITH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 11-10860-DJC** |
| | ) | |
| **GARY RODEN,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                          July 24, 2012

### I.      Introduction

Petitioner Robert A. Smith ("Smith") filed a writ of habeas corpus ("Petition") pursuant to

28 U.S.C. § 2254 alleging that the Commonwealth failed to bring him to trial within the time period

prescribed by the Interstate Agreement on Detainers, 18 U.S.C. App. 2 ("the IAD").  Respondent

Gary Roden has moved to dismiss Smith's Petition, arguing that Smith has not stated a cognizable

claim upon which relief can be granted.  For the reasons set forth below, the motion to dismiss is

GRANTED and the Petition is DENIED.

### II.      Factual and Procedural Background

In December 2005, the Bristol County District Attorney's Office filed a criminal complaint

against Smith in Attleboro District Court charging him with armed robbery and three counts of

assault with a dangerous weapon.  Resp. Mem. Exh. 1 at 2.[1]  On August 7, 2006, while Smith was

---

[1] For the purposes of this Memorandum and Order, all references to the record will be cited as follows:
Smith's Petition ("Pet."); Smith's Recitation of Facts in Support of Petition for Habeas Relief ("Pet.
ROF"); Respondent's Memorandum of Law in Support of his Motion to Dismiss ("Resp. Mem.");

incarcerated in federal prison in West Virginia for an unrelated crime, a detainer was lodged to extradite Smith back to Massachusetts for trial on the Massachusetts charges. Pet. ROF ¶ 1. Smith filed a request for speedy disposition, which was received by both the Bristol County District Attorney's Office and the Attleboro District Court on September 18, 2006, which initiated the 180-day period within which the Commonwealth was required to bring Smith to trial under Article III(a) of the IAD. Pet. ROF ¶¶ 6, 7; Pet. Opp. Vol. 3 at 165-75. On November 6, 2006, Smith was transferred to Massachusetts, and, on the next day, he requested a speedy trial in the Attleboro District Court. Pet. ROF ¶¶ 8, 9. On November 29, 2006, the parties filed discovery motions. Pet. ROF ¶ 10. On January 24, 2007, Smith was indicted by a grand jury sitting in Bristol County on three counts of armed robbery. Pet. ROF ¶ 13. On January 29, 2007, Smith was arraigned in Bristol Superior Court. Pet. ROF ¶ 15. Discovery was produced at arraignment, 133 days into the 180-day period. Pet. Opp. ¶ 7. On February 15, 2007, a date previously set for final pretrial conference (Pet. ROF ¶ 17), Smith agreed to waive the speedy trial period so he could file a motion to dismiss. Pet. Opp. ¶ 10.

On April 3, 2007, the Superior Court (McIntyre, J.) held a hearing on Smith's motion to dismiss and denied the motion. Pet. ROF ¶ 21. On that date, she also rescheduled the final pre-trial conference for April 23, 2007 and the parties agreed to a trial date of May 1, 2007. Pet. ROF ¶ 20. The court excluded the forty-eight day continuance between February 15, 2006 and April 4, 2007 from the 180-day period. Pet. Opp. ¶ 12. The trial did not begin until May 14, 2007 – which according to Smith was, 190 days after speedy disposition was requested even excluding the periods

Memorandum of Law in Support of Smith's Opposition to Roden's Motion to Dismiss ("Pet. Opp.").

excluded by the trial court. Pet. ROF ¶ 26; Pet. Opp. ¶¶ 15, 20. Smith did not object at the time of

the trial that the 180-day period deadline had expired. Pet. Opp. ¶ 16.

On May 18, 2007, a jury convicted Smith on the armed robbery charges and the court

sentenced him on May 21, 2007 to six to eight years. Pet. ROF ¶ 26; Resp. Mem. Exh. 1 at 5. Smith

filed a timely appeal from his conviction. On or about March 11, 2009, Smith moved for a new trial

on the grounds that the Commonwealth violated the IAD when it failed to bring Smith to trial within

the 180-day period. Pet. Opp. ¶ 17, Vol. 3 at 136-158; Resp. Mem. Exh. 1 at 5. On June 1, 2009,

the Superior Court (Moses, J.) ruled that Smith had waived any claim of timeliness under the IAD

and that his trial had commenced within the requisite 180-day period. Pet. at 29; Pet. Opp. Vol. 3

at 181.

Smith appealed the ruling on his motion for new trial and the Appeals Court affirmed the

trial court's ruling. Resp. Mem. Exh. 2; Commonwealth v. Smith, 78 Mass. App. Ct. 1124 (2011)

(noting that it had consolidated Smith's direct appeal with his subsequent, collateral appeal from the

denial of his motion for new trial). The Appeals Court declined to address the waiver issue. Id. at

n. 4. However, it denied Smith's IAD speedy trial claim because he had been brought to trial within

the 180-day period and specifically found that the trial court's initial scheduling of the trial for May

1, 2007 to accommodate defense counsel amounted to a further good cause continuance of the trial,

excludable under the IAD speedy trial clock. Id.; Pet. Opp. ¶¶ 18, 19, 20. The Supreme Judicial

Court denied Smith's request for further appellate review. See Smith, 78 Mass. App. Ct. 1124, rev.

denied, 459 Mass. 1108 (2011).

Smith has now filed the instant habeas petition under 28 U.S.C. § 2254 alleging that the

Commonwealth violated his rights when it failed to bring him to trial within the time prescribed by the IAD.

## III.    Standard of Review

A petitioner's application for a writ of habeas corpus cannot be granted unless his state court adjudication was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d); Clarke v. Spencer, 582 F.3d 135, 140 (1st Cir. 2009).  Moreover, the factual findings predicating a state court decision are "presumed to be correct" unless the petitioner rebuts this presumption with "clear and convincing evidence." 28 U.S.C. §2254(e)(1); Epsom v. Hall, 330 F.3d 49, 52 (1st Cir. 2003).

## IV.    Discussion

The IAD is an interstate agreement that provides a means for participating jurisdictions to gain custody of a prisoner incarcerated in another state or jurisdiction so that the receiving jurisdiction can properly try the prisoner on criminal charges. Reed v. Farley, 512 U.S. 339, 341-42 (1994).  Under Article III(a) of the IAD, the receiving state is required to bring the prisoner to trial within the prescribed 180-day period.  United States. v. Dowdell, 595 F.3d 50, 63 (1st Cir. 2010). If the receiving state does not comply with the deadline, the charges shall be dismissed with prejudice. Id. (citing Art. V(c) of the IAD). To state a cognizable IAD claim under 28 U.S.C. §2254, the petitioner must show or demonstrate that (1) he raised an objection to the trial date at the time it was set and (2) that he was subject to prejudice as a result of the delay.  Reed, 512 U.S. at 342.

### A.    Smith Waived His Right to Raise an IAD Claim

Smith alleges that the Commonwealth violated his rights when it failed to bring him to trial within the time period prescribed by the IAD. Pet. Opp. at 1. Smith first raised this issue in his motion for a new trial. Pet. Opp.¶ 16. The motion judge held that Smith waived his IAD claim when he failed to object to the trial date before and during trial. Resp. Mem. Ex. 1 at 25; Pet. at 29; Resp. Mem. at 6; Pet. Opp.¶ 17.

Even if Smith has not brought to trial with the requisite period under the IAD, a "state court's failure to observe the 120-day rule of IAD Article IV(c) is not cognizable under § 2254 when the defendant registered no objection to the trial date at the time it was set."[2] Reed, 512 U.S. at 352; see Dowdell, 595 F.3d at 66 (concluding that Dowdell "at least forfeited any IAD claim by failing to raise it in the district court" and "may very well have waived it altogether by requesting continuance after continuance") see also United States v. Neal, 36 F.3d 1190, 1209 (1st Cir. 1994) (holding that the failure to raise IAD claims below as a basis for motion to dismiss constituted a waiver of the objection).

In this case, Smith concedes that he filed no objection to the trial date regarding the IAD, a failure which resulted in a waiver of this claim. Pet. ROF ¶¶ 20, 22, 23; Pet. Opp.¶ 16. Although Smith alleges that he requested a speedy trial under the IAD repeatedly, he remained silent on the issue when the trial date was set, in the days before the clock ran and the scheduled trial date (May 1, 2007 – May 4, 2007) and in the days before trial after he alleges the clock ran (May 5, 2007 – May 13, 2007). Pet. Opp. ¶ 16. Moreover, Smith did not raise this issue once his trial began or

---

[2] The IAD has two speedy trial provisions (Article III(a) and Article IV(c)). Article III(a) requires the state to bring a prisoner to trial within 180 days of receiving the prisoner's IAD request. Article IV(a) requires that the prisoner be tried within 120 days of the State receiving custody, when an officer of the state requested the transfer.

during the trial (May 14, 2007 – May 18, 2007).  Id.  Indeed, this issue was not raised until Smith

filed his motion for a new trial, 22 months after he was convicted.  Smith, 78 Mass. App. Ct. at 1124

n. 2.  Since Smith failed to raise the issue in the trial court until March  2009, nearly two years after

he was convicted, he waived his IAD claim.  Resp. Mem. Ex. 1 at 25; Pet. at 29; Resp. Mem. at 6.

 In light of the foregoing, it cannot be said that the state court adjudication was contrary to,

or involved an unreasonable application of federal law, or that it was based upon an unreasonable

determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C.

§ 2254(d).  Accordingly, the Court finds that Smith waived his IAD claim.  While this claim fails

procedurally, for the sake of completeness, this Court will address whether or not Smith has proven

prejudice.

### B.      Smith's  Failure to Allege Prejudice

Even accepting Smith's argument that time was not waived and he was not in fact tried

within 180 days,[3] he nonetheless cannot state a cognizable claim under § 2254 because he has

neither alleged nor shown that such a failure constituted prejudice.  If the defendant has suffered no

prejudice as a result of the delay, a court's failure to observe the speedy trial rule is not cognizable

under habeas review.  Reed, 512 U.S. at 342; see Fasano v. Hall, 615 F.2d 555, 558 (1st Cir. 1980).

Here, Smith has failed to allege prejudice at all.[4]  Smith further fails to allege that any delay had any

---

[3] Since the Court concludes, for the reasons stated above, that Smith has waived his IAD claim
by not making a timely objection, it need not address whether there was an IAD violation for
failing to bring him to trial within 180 days.  The Court, however, notes that this was the basis
for the Massachusetts Appeals Court's denial of this claim on direct appeal.  Smith, 78 Mass.
App. Ct. at 1124.

[4] To the extent Smith argues that the delay in discovery production was one of the "aggravating
factors" of the Commonwealth's conduct here, Pet. Opp. at 15-16, nothing in the IAD requires
that discovery must be produced by a certain point in the 180-day  period.  In any event, Smith
does not show how any such discovery delay had an adverse affect on his preparation for trial or

bearing on the preparation of his defense for trial or on the verdict.  See Reed, 512 U.S. at 353

(holding that the petitioner had not shown prejudice where he did not allege that the 54-day trial

delay prevented him from preparing a defense).

Accordingly, because Smith has failed to show the alleged IAD violation warrants habeas

relief, the Petition cannot survive the instant motion to dismiss.

## V.      Conclusion

For the foregoing reasons the government's motion to dismiss is GRANTED and the Petition

is DENIED.

So ordered.

/s/ Denise J. Casper
United States District Judge

---

had any effect on the result of his trial.